# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANITA ROBERTSON HULSE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01011-DCJ-CBW |
| DARI VIZIER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01017-TAD |
| DYLAN STANFORD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01038-DCJ-CBW |
| ANGELA BROUSSARD, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01033-DCJ-CBW |

| | |
|---|---|
| APRIL BUTLER, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01044-DCJ-CBW |
| BENJAMIN FONTENOT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01045-DCJ-CBW |
| PATRICIA BROOKS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01059-DCJ-CBW |
| WAYNE PITRE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>ACADIAN AMBULANCE SERVICE, INC.,<br><br>Defendant. | Case No.: 6:24-cv-01077-DCJ-CBW |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

Plaintiffs Anita Robertson Hulse, Dari Vizier, Dylan Stanford, Angela Broussard, April Butler, Benjamin Fontenot, Patricia Brooks and Dwayne Pitre ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for consolidation of the above-captioned cases for both pre-trial and trial purposes pursuant to Federal Rule of Civil Procedure 42(a). For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases should be granted.

## I.  INTRODUCTION

Defendant Acadian Ambulance Service, Inc. ("Acadian" or "Defendant") provides "medical care to more than 21 million residents and covers 62,000 square miles, in Louisiana, Mississippi, Tennessee and Texas." *Hulse v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01033, Case No. 6:24-cv-01011-DCJ-CBW, Compl. ¶ 2. To provide these services, Defendant collected the personal identifiable information ("PII") and personal health information ("PHI") of Plaintiffs and Class Members and stored it, unencrypted, on Defendant's internet-accessible network. *Id*. ¶ 33. In or about July of 2024 Defendant experienced a ransomware attack by a well-known group of cyber criminals known as the "Daixin Team" which claimed to have accessed and exfiltrated the PII and PHI of ten million Acadian patients. *Id*. ¶¶ 30-31.

Plaintiff Anita Robertson Hulse filed her complaint on July 30, 2024 seeking to hold Acadian liable for the unlawful disclosure of highly sensitive PII and PHI belonging to her and millions of other patients in a large and preventable data breach (the "Data Breach"). On July 31, 2024 Plaintiff Vizier filed her complaint against Acadian for injuries arising from the Data Breach in this District in a case captioned *Vizier v. Acadian Ambulance*

1

*Service, Inc.*, Case No. 6:24-cv-01017-TAD, and on August 2, 2024 Plaintiffs Stanford and Broussard both filed complaints for injuries arising from the Data Breach in this District captioned *Stanford v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01038 and *Broussard v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01033 respectively. On August 5, 2024, Plaintiffs Butler and Fontenot both filed complaints for injuries arising from the Data Breach in this District captioned *Butler v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01044 and *Fontenot v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01045 respectively. On August 7, 2024, Plaintiff Brooks filed a complaint for injuries arising from the Data Breach in this District captioned *Brooks v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01059. On August 12, 2024, Plaintiff Pitre filed a complaint for injuries arising from the Data Breach in this District captioned *Pitre v. Acadian Ambulance Service, Inc.*, Case No. 6:24-cv-01077 (collectively with the *Hulse* action the "Related Actions"). These class action lawsuits present numerous overlapping common issues of law and fact, thus making consolidation before this Court appropriate.

The Actions before this raise nearly identical claims for relief on behalf of overlapping classes and thus, consolidation is appropriate. Each lawsuit arises from the same common set of operative facts: the Data Breach. Due to each Plaintiffs' reliance on the same set of operative facts, all Plaintiffs assert overlapping claims, on behalf of similarly defined classes, seeking similar relief. The above-captioned cases, the parties thereto, and the Court will be best served in a consolidated proceeding.

## II. THE ACTIONS SHOULD BE CONSOLIDATED BEFORE THIS COURT

### A. Legal Authority.

Federal Rule of Civil Procedure 42 provides that if actions before the Court "involve a common question of law *or* fact" the Court may "consolidate the actions." Fed. R. Civ. P. 42 (a)(2) (emphasis added); *Kavra v. Health Ins. Innovations, Inc.*, No. 8:17-CV-2186-T-17MAP, 2017 WL 10295953, at *1 (M.D. Fla. Dec. 28, 2017). "The district court's decision under Rule 42(a) is purely discretionary." *Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 216CV210FTM99MRM, 2016 WL 9383330, at *2 (M.D. Fla. July 21, 2016) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985). However, before making a decision, the district court "must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.*; *see also Burrow v. Forjas Taurus S.A.*, No. 16-CIV-21606, 2018 WL 809439, at *2 (S.D. Fla. Feb. 9, 2018) (citing *Hendrix*, 776 F.2d at 1495).

### B. Argument and Authorities.

#### 1. Common Questions of Law and Fact Predominate.

Even from a cursory review of the complaints filed in each action, it is clear that common questions of law and fact permeate these cases.

3

The Related Actions focus on one factual event – Defendant's Data Breach – which was a result of Defendant's failure to protect Plaintiffs' and Class Members' PHI and PII. Each Related Action alleges the same factual contentions, *i.e.*, (i) Defendant knowingly violated its obligations to abide by best practices and industry standards in protecting its patients' PII and PHI; (ii) these failures enabled an unauthorized third party to target, access, and acquire the PII and PHI Defendant collected and maintained, putting Class members' PII and PHI at a serious and ongoing risk; and (iii) Defendant's failed to disclose the full extent of the Data Breach and notify the affected persons in a timely manner. These factual allegations are the gravamen of each of the Related Actions, thus numerous common questions of fact exist.

Additionally, the legal claims asserted by each Plaintiff are substantially similar. These claims are asserted on a class-wide basis, on behalf of similarly defined classes, against the same Defendant. Plaintiffs' claims will rise or fall together. As such, common questions of law pervade these cases.

Accordingly, because all the cases arise from the same set of facts (the Data Breach), are pleaded as class actions with class action allegations under Federal Rule of Civil Procedure 23, are against the same defendant (Acadian), and share at least one similar legal claim (negligence, breach of implied contract), consolidation is appropriate under Federal Rule of Civil Procedure 42(a). *See, e.g., Kaplan*, 2016 WL 9383330, at *2 (court consolidated data breach cases where: (i) "common questions of law and fact permeate[d] the[] cases"; (ii) all of the cases arose from the same alleged data breach; (iii) all of the cases were class actions with class allegations; (iv) all of the cases shared at least one

4

similar substantive claim – negligence; and (v) the cases were filed against a common defendant.); *McDonald v. PaperlessPay Corp.*, No. 3:20-CV-1005-MMH-MCR, 2021 WL 931599, at *3 (M.D. Fla. Mar. 11, 2021) (court ordered consolidation of data breach cases because even though there were "slight distinctions in proposed class definitions and specific causes of action" the cases concerned the same data breach, which resulted in generally the same type of harm, to the same broad category of putative class members); *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (court ordered consolidation where all of the cases stemmed from the same data breach and thus involved common questions of law and fact); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 502 (S.D. Fla. 2002) (consolidation of class actions was appropriate where the complaints presented virtually identical claims for relief based upon a single course of conduct).

    **2. The *Hendrix* Factors Support Consolidation.**

Applying the relevant factors from *Hendrix* further supports the consolidation of these cases.

    ***i.   Factor 1: The Cases Face the Risk of Inconsistent Adjudications.***

"[T]here is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately." *Kaplan*, 2016 WL 9383330, at *2. Each of the four actions are pleaded as class actions, all allege negligence and breach of implied contract claims and some of the cases share other substantive claims such as unjust enrichment and invasion of privacy. *Id.* Additionally, each lawsuit seeks certification of similar classes. Absent consolidation, it is possible multiple overlapping

5

classes could be certified which may lead to Defendant being responsible for more than one judgment for the same class. The potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications. *Id.*

Moreover, the Related Actions before this Court have the same procedural posture (complaint filed, Acadian has yet to respond) and are on similar courses of development. "Thus, this is not a case where consolidation will result in the delay of an otherwise trial-ready action." *McDonald*, 2021 WL 931599, at *4. Plaintiffs and Defendant will experience very little prejudice, if any, by consolidating these cases.

Therefore, this factor militates in favor of consolidation. *See id.* at *3 (consolidation held appropriate where the plaintiff sought to represent an overlapping class consisting of persons impacted by the data breach; thus, if not consolidated, each of the cases would likely present largely duplicative requests for class certification raising common legal issues on whether certification is appropriate and the proper definition of any such class); *see also Newman*, 209 F.R.D. at 502 (consolidation found appropriate where it would promote judicial economy by streamlining and simplifying pre-trial, discovery and class certification issues, and by reducing waste, confusion, and delay that would result from multiple trials.).

        ***ii.    Factor 2: The Burden Posed by Multiple Lawsuits is Substantial.***

Next, the burden on the Parties, the witnesses, and judicial resources will be substantially lessened by consolidation.

Here, no Plaintiff opposes consolidation, which augurs in favor of consolidation. *See, e.g.*, *Kavra*, 2017 WL 10295953, at *1 ("Here the absence of any objection to motion to consolidate augurs in favor of consolidation."); *Bedont*, 2022 WL 3702117, at *2. Consolidation will allow Plaintiffs to jointly prosecute the case, share discovery documents, and avoid the possibility of the Court certifying overlapping classes. The burden of maintaining four separate lawsuits will be lessened by consolidation.

Defendant's counsel has yet to appear, but it is anticipated that they will not oppose consolidation as they will likely represent Defendant in each of the pending cases, and will likely be subject to duplicative discovery requests, depositions, drafting, trial preparation, and hearings if the cases are not consolidated. By consolidating the cases, Defendant will be able to conserve time and resources.

Lastly, judicial resources will be conserved by presiding over one consolidated case rather than each separate case because this will reduce the number of motions, briefings, hearings, and trials before the Court.

Accordingly, the second *Hendrix* factor also weighs in favor of consolidation. *See Kaplan*, 2016 WL 9383330, at *2; *see also Fifth Third Bank v. MHA 8680 LLC*, No. 8:14-CV-139-T-36TGW, 2014 WL 12697205, at *1 (M.D. Fla. July 28, 2014) (pre-trial consolidation ordered where discovery in the cases would overlap and it would conserve resources); *Gabbard v. Elec. Ins. Co.*, No. 8:22-CV-384-TPB-AAS, 2022 WL 2111503, at *1 (M.D. Fla. May 4, 2022) ("It would appear to be an exceedingly inefficient use of judicial and party resources to allow essentially the same dispute to be litigated concurrently in three separate lawsuits in the same Court before the same judge."); *Burrow*,

2018 WL 809439, at *7 ("Consolidation allows the parties to coordinate depositions, share documents, and determine the character of any proposed class that Plaintiff seek to certify.").

> ### iii. Factor 3: Litigating Separate Actions Would Require More Time than Litigating a Consolidated Action.

It is plainly understood that litigating separate causes of actions versus one consolidated action would take substantially more time for the Court and the Parties. Thus, "the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation." *Kaplan*, 2016 WL 9383330, at *2.

> ### iv. Factor 4: The Expense of Multiple Trials Supports Consolidation.

"Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in [six] separate cases." *Id*. Thus, this factor also supports consolidation.

## III. CONCLUSION

For the reasons set forth above, consolidation is appropriate. Accordingly, Plaintiffs respectfully request that this Court consolidate the above-captioned cases for all purposes, pursuant to Federal Rule of Civil Procedure 42(a).

## STATEMENT PURSUANT TO LR7.4.1

Pursuant to LR7.4.1, prior to filing this Motion, Plaintiffs could not obtain Defendant's consent because Defendant has not appeared as of record in any of the cases on file."

Dated: August 13, 2024	Respectfully Submitted,

*/s/ Andrew A. Lemmon*
Andrew A. Lemmon (LA Bar No. 18302)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
5301 Canal Boulevard, Suite A
New Orleans, Louisiana 70124
Tel.: (985)783-6789
Email: alemmon@milberg.com

Gary Klinger (IL S.B. 6303726)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
866-252-0878
Email: gklinger@milberg.com

*Attorneys for Representative Plaintiff Anita Robertson Hulse and the Plaintiff Class*

Terence R. Coates (pro hac vice)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 665-0204
Email: tcoates@msdlegal.com

*Counsel for Plaintiff Dylan Stanford*

9

Daniel Centner
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
935 Gravier St., Suite 1600
New Orleans, LA 70112
Ph: (504) 523-2434
dcentner@peifferwolf.com

Brandon M. Wise*
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
MO Bar #67242
One US Bank Plaza, Suite 1950
St. Louis, MO 63101
Ph: (314) 833-4825
bwise@peifferwolf.com

David S. Almeida*
IL Bar # 6285557
**ALMEIDA LAW GROUP LLC**
Firm ID 100530
849 W. Webster Avenue
Chicago, Illinois 60614
(312) 576-3024 (phone)
david@almeidalawgroup.com

*Attorneys for Dari Vizier*

Jeff Ostrow* (FL Bar No. 121452)
Kenneth J. Grunfeld* (PA ID No. 84121)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
1 West Las Olas, Suite 500
Fort Lauderdale, Florida 33301
 T: (954) 525-4100
F: (954) 525-4300
ostrow@kolawyers.com
grunfeld@kolawyers.com

*Attorneys for April Butler*

10

Bryan L. Bleichner*
Phil J. Krzeski*
**CHESTNUT CAMBRONNE**
100 Washington Avenue South,
Suite 1700 Minneapolis, MN 55401
Phone:(612)339-7300
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

*Attorneys for Benjamin Fontenot*

J. Gerard Stranch, IV*
Grayson Wells*
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Avenue,
Suite 200 Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com

*Attorneys for Dwayne Pitre*

*\*Pro hac vice forthcoming*

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 13, 2024, the foregoing was filed electronically with the Clerk of Court using the CM/ECF System and was thereby served on all counsel of record.

                                                                */s/ Andrew A. Lemmon*